# NEW ENGLAND MORTGAGE SECURITY COMPANY *v.* GAY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF GEORGIA.

No. 221.　Argued March 22, 1892. — Decided May 2, 1892.

When the jurisdiction of this court depends upon the amount in contro-
versy, it is to be determined by the amount involved in the particular
case, and not by any contingent loss which may be sustained by either
one of the parties through the probative effect of the judgment, however
certain it may be that such loss will occur.

The plaintiff made a loan to the defendant upon his promissory notes to the
amount of $8500, secured by a mortgage of real estate in Georgia of the
value of over $20,000. In assumpsit to recover on the notes the jury
found the transaction to have been usurious and gave judgment for the
sum actually received by the debtor, which was $1700 less than the
amount claimed, and for interest and costs. The effect of that judg-
ment, if not reversed, is, under the laws of Georgia, to invalidate the
mortgage given as security, in proceedings to enforce it. *Held*, that,
notwithstanding such indirect effect, this court has no jurisdiction, the
amount directly in dispute in this action being only the usurious sum.

THIS was an action of assumpsit by the plaintiff in error
against Jacob M. Gay upon four promissory notes, made by
Gay, amounting to $8500, with interest at eight per cent, pay-
able annually, with all costs of collection, including ten per
cent attorney fees. These notes were made payable to
Charles L. Flint or order, at the office of the Corbin Banking
Company, New York City, and as to each of them the defend-
ant waived his right to the benefit of the exemption provided
for by the constitution and laws of Georgia. To secure these
notes a deed was given by Gay with the consent of his wife
to said Flint, of land in Schley County, Georgia, with release
of homestead and dower. At the same time a bond for a
reconveyance on payment of the notes was given by Flint to
Gay, according to the usual course of business in Georgia,
where such deed and bond stand in the place of a mortgage.

Flint took the notes and deed in behalf of the plaintiff, and afterwards endorsed the notes to the plaintiff.

The defendant pleaded four pleas, two of which were stricken out by the court; and the case was tried upon the first, which was an ordinary plea of *nil debet*, and upon the second, wherein the defendant alleged that the consideration of these notes was a loan of money by the plaintiff to the defendant of the sum of $6463, and that all of said sum and notes sued on in excess of said sum was contrary to law, and defendant was only liable for the sum received by him and lawful interest thereon from the dates of the notes, which amount he averred his willingness to pay. Upon the trial, the defendant relied solely upon the defence of usury, and the court charged the jury that the defendant admitted an indebtedness of $6463, with interest, etc., and instructed them in any event to return a verdict for that amount. In this connection he further charged that, if they believed the defendant received $6800, they were then directed to return a verdict for that sum, with interest and attorney fees, etc. The jury returned a verdict for $6800 principal, $2041.51 interest, and $884.15 attorney fees, making a total amount of $9725.66, for which a judgment was entered with costs.

Plaintiff thereupon secured the settlement of a bill of exceptions and sued out a writ of error from this court.

*Mr. N. J. Hammond,* (with whom were *Mr. Simeon E. Baldwin* and *Mr. W. E. Simmons* on the brief,) for plaintiff in error, said on the question of jurisdiction:.

Our action is a statutory method of enforcing a security, and the test of jurisdiction is the value of the security, which is an absolute title, or of the debt. The debt secured was $8500, beside interest and attorney's fees, and the property to which title was given as security is worth $22,500.

The Georgia statutes on which our rights depend are printed in the margin.[1]

---

[1] " SEC. 1969. Whenever any person in this State conveys any real property by deed to secure any debt to any person loaning or advancing said

Our declaration set forth the mortgage, and prayed that the defendant might be required to answer it.  This was not a prayer for a monetary judgment, but that he answer to all the allegations.  Under the Code of Georgia (Sec. 3082), equitable remedies, such as the establishment of liens, can be given in an action at law.

The great thing we sued for was to get a judgment establishing our right to levy on the lands conveyed by the deed.

In bringing this action we were pursuing the first stage in the proceeding.  We could not realize on our security without first getting a personal judgment on the notes; and the levy of final process, whereby we should realize on our security,

---

vender any money, or to secure any other debt, and shall take a bond for titles back to said vender upon the payment of such debt or debts, or shall in like manner convey any personal property by bill of sale, and take an obligation binding the person to whom said property was conveyed to reconvey said property upon the payment of said debt or debts, such conveyance of real or personal property shall pass the title of said property to the vendee, (provided that the consent of the wife has been first obtained,) till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this State to be an absolute conveyance with the right reserved by the vender to have said property reconveyed to him upon the payment of the debt or debts intended to be secured, agreeable to the terms of the contract, and not a mortgage.

" Sec. 1970.  When any judgment shall be rendered in any of the courts of this State upon any note or other evidence of debt, which such conveyance of realty was made and intended to secure, it shall and may be lawful for the vendee to make and file and have recorded in the clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land; and if the said obligor be dead, then his executor or administrator may, in like manner, make and file such deed without obtaining an order of the court for that purpose, whereupon the same may be levied on and sold under said judgment as in other cases : *Provided*, that the said judgment shall take lien upon the land prior to any other judgment or encumbrance against the defendant.

" Sec. 1971.  The vender's rights to a reconveyance of the property upon his complying with the contract, shall not be affected by any liens, encumbrances or rights which would otherwise attach to the property by virtue of the title being in the vendee; but the right of the vender to a reconveyance shall be absolute and permanent upon his complying with his contract with the vendee according to the terms."

" Sec. 2057, *f.* All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void."

was the last stage of the action. Had this been an ordinary action of assumpsit the averments as to the real estate would have been impertinent. As it was they were material, if not vital. *Napier* v. *Saulsbury*, 63 Georgia, 477, 480.

The plea of usury attacked not only our right to recover judgment for the full sum we demanded, but our right to levy final process on the judgment, upon the land conveyed to secure the debt. The verdict for the defendant upon this plea, in other words, not only reduced our debt by $2300, which of itself might not have authorized proceedings in error, but prevented our availing ourselves of a security worth $22,500, which we claimed for the entire debt, which debt, in any point of view, exceeded $5000. Usury did not avoid the notes, but it did altogether avoid the deed, and therefore this remedy upon it by final process, by the express provisions of the code. *McLaren* v. *Clark*, 80 Georgia, 423; *Small* v. *Hicks*, 81 Georgia, 691. It also avoids the waiver of the homestead exemption, contained in the notes. *Cleghorn* v. *Greeson*, 77 Georgia, 343.

In view of the statutory provisions governing this action, it seems to us evident that it is one "where the matter in dispute, exclusive of costs, exceeds the sum or value of five thousand dollars," because the matter in dispute was our right to a judgment, on which to found a levy on certain described lands worth $22,500, to collect a debt exceeding $5000.

The case does not belong in the class of *Elgin* v. *Marshall*, 106 U. S. 578, and *The Sydney*, 139 U. S. 331. It is not one where the judgment is complained of because in some other case it will have a probative force against us. Here the matter directly in dispute between the parties was whether we were entitled to a judgment carrying a specific lien on specified real estate described in the declaration, and enforceable on final process, in this very suit, to be executed by a sale of that real estate agreeably to that lien.

A case somewhat analogous is that of *Stinson* v. *Dousman*, 20 How. 461, from Minnesota Territory. There a suit was brought for rent by way of damages for breach of a contract of sale where possession had been given and afterwards the

contract had, as the plaintiff claimed, been terminated.    The defendant's answer denied any breach of contract, and asked for a judgment affirming the continuing validity of the contract.    Judgment was rendered for the plaintiff to recover less than $1000.    At that time $1000 was the limit of jurisdiction on writs of error to territorial courts, and the question of jurisdiction was thus disposed of in this court.

"The defendant in error objected that the matter in dispute was not of the value of one thousand dollars, and therefore this court had no jurisdiction of the cause.    The objection might well be founded, if this was to be regarded merely as an action at common law. · But the equitable as well as the legal considerations involved in the cause are to be considered. The effect of the judgment is to adjust the legal and equitable claims of the parties to the subject of the suit.    The subject of the suit is not merely the amount of rent claimed, but the title of the respective parties to the land under the contract. The contract shows that the matter in dispute was valued by the parties at eight thousand dollars." *Stinson* v. *Dousman*, 20 How. 461, 466. This case was referred to with approval in *Elgin* v. *Marshall*, 106 U. S. on page 581.

The title under our deed, or the right which we claimed to sell the land embraced in our deed to satisfy such judgment as we might recover, was in legal effect denied by the plea of usury; and the judgment rendered on that plea necessarily operates "in denial of the right claimed by the company which is of far greater value than the sum which, by the act of Congress, is the limit below which an appeal is not allowable." *Market Co.* v. *Hoffman*, 101 U. S. 112, 113.

No appearance for the defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

From the above statement of facts it is clear that, while the plaintiff sued to recover $8500 and interest, he actually recovered $6800 and interest and attorney fees, amounting in all to $9725.66, so that the amount actually in dispute between

the parties in this court is the difference between the amount claimed and the amount of the verdict. Computing interest at eight per cent upon the entire amount of the notes and adding an attorney fee of ten per cent, the amount due according to the plaintiff's theory was approximately $12,155, or $2429.34 more than the amount recovered. This is the proper method of ascertaining the amount in dispute in this court. *Tintsman* v. *National Bank*, 100 U. S. 6; *Jenness* v. *Citizens' National Bank of Rome*, 110 U. S. 52; *Wabash, St. Louis &c. Railway* v. *Knox*, 110 U. S. 304; *Hilton* v. *Dickinson*, 108 U. S. 165.

It is true that, under the Code of Georgia, section 2057, subdivision *f*, "all titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." The Supreme Court of Georgia has construed this as rendering a deed infected with usury void as title, and depriving the holder of the right of recovery of the land against the maker. *Carswell* v. *Hartridge*, 55 Georgia, 412; *Johnson* v. *Griffin Banking Co.*, 55 Georgia, 691. It was said in *Broach* v. *Smith*, 75 Georgia, 159, that usury not only destroys the legal title, but prevents the deed from ever being treated as an equitable mortgage. It appears in this case that the value of the property conveyed as security is $22,500, and under the laws of Georgia it may be that the finding of usury may have the effect of invalidating the deed given as security for the loan.

Assuming this to be true, however, it is not the immediate result of the judgment in this case. The provisions of the Georgia code with respect to real estate security for loans are somewhat peculiar. The practice is for the person receiving the loan to convey the real property by deed to the person loaning or advancing the money, and to take a bond for title back to the vendor upon the payment of the debt, and by section 1969 "such conveyance of real or personal property shall pass the title of said property to the vendee . . . till the debt or debts which said conveyance was made to secure shall be fully paid," etc. By section 1970, "when any judgment shall be rendered in any of the courts of this State upon any note or other evidence of debt which said conveyance of realty was

made and intended to secure, it shall and may be lawful for the vendee to make and file and have recorded in the clerk's office of the Superior Court of the county wherein the land lies a good and sufficient deed of conveyance to the defendant for said land; . . . whereupon the same may be levied on and sold under said judgment as in other cases: *Provided,* That the said judgment shall take lien upon the land prior to any other judgment or encumbrance against the defendant."

The substance of this is, that upon taking judgment upon the note or bond given for the loan, the lender may reconvey the property to the debtor, and immediately levy upon and sell it by virtue of his judgment and execution. In such case it would seem that, if he buys the land at the sale, he would recover possession of it by an action of ejectment upon his sheriff's deed.

In this connection it was held by the Supreme Court of Georgia in *Carswell* v. *Hartridge,* 55 Georgia, 412, 414, that the proceeding under this statute was optional, and that a recovery in ejectment might be had upon the original deed made to secure the debt, so long as the title remained in the creditor, and the debt was unpaid. "That the next section of the code," said the court, "gives a remedy for collecting the money by proceeding to judgment, filing a deed, levying upon the land and selling it, does not negative the former remedy. The creditor may either assert his title or part with it to the debtor, at his option. He may possess himself of the land and hold it till he is satisfied, or he may enforce satisfaction in the manner pointed out by section 1970. In this respect, his position is like that of an ordinary vendor of land who retains the title as security, giving a bond to reconvey upon payment of the purchase money." That the creditor may also have the land sold by the sheriff, and bring ejectment upon the sheriff's deed, is evident from the case of *Johnson* v. *Griffin Banking and Trust Company,* 55 Georgia, 691.

In either case, however, the effect of the seizure upon the title of the creditor to the property can only be judicially determined in an action of ejectment, either upon the original deed or upon the sheriff's deed given in pursuance of the

statute, or by a bill in equity to enjoin the. creditor and sheriff from making sale under the levy. *Johnson* v. *Griffin Banking and Trust Company*, 55 Georgia, 691. The effect of the judgment *in this case*, then, is not to avoid the title of the plaintiff to this property, but to establish the existence of usury, which, in another action, may be pleaded as avoiding such title. It is true that the plaintiff set forth in its declaration that the defendant gave a deed of certain lots, describing them, to secure the payment of the notes; but it claimed nothing by virtue of this allegation in its prayer for relief, demanding only a money recovery. Upon the trial the deed and bond were offered in evidence, but were ruled out, and the judgment was simply for the amount of the notes and interest less the alleged usury.

It is well settled in this court that when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur. Thus in *Grant* v. *McKee*, 1 Pet. 248, it was held, that the court would not take jurisdiction of a case where the title to a piece of land of less value than the jurisdictional sum was directly involved, although the whole property claimed by the lessor of the plaintiff under a patent, and which was recovered in ejectment in the court below, exceeded that sum. In *Farmers' Bank of Alexandria* v. *Hoof*, 7 Pet. 168, a bill was filed for the purpose of foreclosing a deed of trust given to secure a sum of money less than $1000. It appeared that the property covered by the deed exceeded that sum in value, but the court held the real matter in controversy to be the debt claimed in the bill, "and, though the title of the lot may be inquired into incidentally, it does not constitute the object of the suit." A similar ruling was made in *Ross* v. *Prentiss*, 3 How. 771, where a bill was filed to enjoin the marshal from levying an execution of less than $2000 upon certain property, the value of which was more than $2000. In this case as in the other, the argument was made that the defendant might lose the whole benefit of

his property by the forced sale under the execution, but the court held that it did not depend upon the amount of any contingent loss, and dismissed the bill.   In *Troy* v. *Evans*, 97 U. S. 1, action was brought to recover certain instalments upon bonds, the aggregate of which bonds exceeded $5000, but the judgment was for less.   The case was dismissed, although it appeared that the judgment would be conclusive in another action upon future instalments upon the same bonds.   A like ruling was made in *Elgin* v. *Marshall*, 106 U. S. 578, where a judgment was rendered for $1660.75, against a town, on interest coupons detached from bonds which it had issued under a statute claimed to be unconstitutional.   The case was dismissed in an elaborate opinion by Mr. Justice Matthews, although it appeared that the judgment might be conclusive as an estoppel in any subsequent action upon other coupons, or upon the bonds themselves.   So in *New Jersey Zinc Co.* v. *Trotter*, 108 U. S. 564 — an action of trespass wherein the plaintiff recovered judgment for less than $5000 — the case was dismissed, although the court indicated that the jury were compelled to find the plaintiff had title to the land, and "that in this way the verdict and judgment may estop the parties in another suit, but that will be a collateral, not the direct, effect of the judgment."   See also *Opelika City* v. *Daniel*, 109 U. S. 108.   In *Bruce* v. *Manchester & Keene Railroad*, 117 U. S. 514, suit was brought to collect interest due on certain railroad bonds by the foreclosure of a mortgage made to trustees to secure a series of bonds amounting to $500,000.   As the suit was brought only to recover the interest on the bonds, which was less than $5000, the appeal was dismissed.

Most of the authorities on the subject are collated and reviewed in *Gibson* v. *Shufeldt*, 122 U. S. 27, and a conclusion reached in consonance with the view expressed in the prior cases.

The case of *Stinson* v. *Dousman*, 20 How. 461, is not in conflict with these authorities.   The action in that case was for rent amounting to less than $500, but the case itself involved the question whether a certain contract for the sale of

real property, valued at $8000, had been annulled, and the answer of the defendant was framed not only to present a legal defence against the claim for rent, but also to obtain a decree affirming the continued validity of the contract of sale. It was held that the effect of the judgment in that particular case was an adjustment of the legal and equitable claims of the parties to the subject of the suit, which was the title to the land under the contract.

*Upon the whole, it appears to us that we have no jurisdiction of this case, and that the writ of error should be dismissed, and it is so ordered.*

MR. JUSTICE LAMAR and MR. JUSTICE BREWER dissented.