## WABASH RY. CO. v. VANLANDINGHAM et al.

### No. 8973.

Circuit Court of Appeals, Eighth Circuit.

Sept. 29, 1931.

Homer Hall, of St. Louis, Mo. (Harris L. Moore, of Kansas City, Mo., and N. S. Brown, of St. Louis, Mo., on the brief), for appellant.

Martin E. Lawson, of Liberty, Mo. (Francis G. Hale, of Liberty, Mo., on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge.

Plaintiffs, who are appellees here, filed suit in the circuit court of Clay county, Mo., to recover damages to their crops from water in the years 1925, 1926, 1927, and 1928, in the sum of $1,500. They alleged that this damage was caused by the breach of a contract between the predecessors in title of plaintiffs and defendant, which required the defendant to maintain a ditch along its railroad adjoining plaintiffs' land. The suit was removed to the United States District Court by the defendant on the ground of diversity of citizenship and the amount involved. The petition for removal alleged that the amount in controversy exceeded $3,000, exclusive of interest and costs; that the plaintiffs were suing on a contract which they claimed was perpetual and binding on defendant; and that if the contract was binding on defendant the amount involved by reason of the burden imposed by the contract would exceed $1,500 in addition to the damages claimed. The petition for removal was supported by affidavits showing the annual cost of maintaining the ditch and that the amount capitalized to provide that cost would be $1,650.

The plaintiffs alleged that on and prior to January 16, 1893, the Wabash Railroad Company, predecessor of the Wabash Railway Company, the defendant, owned a railroad through land now owned by plaintiffs and that on that day the railroad company and plaintiffs' predecessors in title entered into a written contract that the railroad company would construct and maintain a drainage ditch for the protection of the lands now owned by plaintiffs. That the defendant, as successor in title, is obligated to maintain that ditch and has failed to do so, and by reason of its failure plaintiffs' crops for the years mentioned were damaged in the sum of $1,500. Plaintiffs pray judgment for the $1,500 only.

A motion to remand was overruled. The case went to trial and plaintiffs obtained a judgment for $750. To reverse that judgment this appeal is prosecuted by the railroad company.

The view taken by this court makes it unnecessary to pass upon any other question than that of jurisdiction.

The action was one in damages and the amount sued for fixed the amount in controversy. The fact that the right of plaintiffs to recover involved the validity of a contract the performance of which might have required the expenditure of a sum of money in

excess of the jurisdictional amount, or the breach of which might in the future subject defendant to the payment of additional damages, did not give the District Court jurisdiction. The contract did not fix the measure of damages for its breach. It did not require the defendant to pay any specific amount. The failure to construct and maintain the ditch may or may not subject defendant to damages to these plaintiffs in the future.

In determining jurisdiction the defendant cannot calculate a contingent loss based upon the probative effect of a judgment against it, nor can it include the cost of constructing a ditch which would protect it against future damage. The judgment asked did not require the construction of the ditch. The defendant was to be left free to do as it pleased. The only relief sought was $1500. Future damages were a mere contingency whether the ditch was constructed or not. The language of the Supreme Court in Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 487, 27 L. Ed. 249, is clear upon this point. There it was said: "The language of the rule limits, by its own force, the required valuation to the matter in dispute, in the particular action or suit in which the jurisdiction is invoked; and it plainly excludes, by a necessary implication, any estimate of value as to any matter not actually the subject of that litigation. It would be, clearly, a violation of the rule, to add to the value of the matter determined any estimate in money, by reason of the probative force of the judgment itself in some subsequent proceeding. That would often depend upon contingencies, and might be mere conjecture and speculation, while the statute evidently contemplated an actual and present value in money, determined by a mere inspection of the record."

The court again announced the same principle in New England Mortgage Security Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 816, 36 L. Ed. 646, using the following language: "It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur."

The contention of the defendant here was presented in Elliott v. Empire Natural Gas Co. (C. C. A.) 4 F.(2d) 493, but after a thorough consideration of all the authorities this court took a different view. There the effect

of the judgment might have caused defendant to lose in excess of the jurisdictional amount.

The judgment should be reversed, and the case remanded, with instructions to the trial court to in turn remand it to the circuit court of Clay county, Mo. The costs should be taxed to the appellant.