**DUKE v. STATE LIFE INS. CO.**
No. 1739.

District Court, W. D. Texas, San Antonio Division.

July 22, 1933.

Alfred Petsch, of Fredericksburg, Tex., and Walter Petsch, of Kerrville, Tex., for plaintiff.

Morriss & Morriss, of San Antonio, Tex., for defendant.

WEST, District Judge.

Petition and bond for removal were filed March 27, 1933, in the District Court of Kerr county, Tex., the case being numbered 1765 on the state court docket and filed in that court March 7, 1933. The necessary diversity of residence and citizenship is conceded, and it is also apparent of record. On presentment of petition and bond for order of removal from the state court the plaintiff contested the defendant's right to remove to this court, on the ground that in the suit filed in the state court he sought recovery of exactly $1,620, exclusive of interest and costs, and thus showing that the amount in controversy was less than the $3,000 necessary to confer jurisdiction on the United States District Court.

The state court heard the issue tendered and by formal order found that the amount in controversy was $1,620, exclusive of interest and costs, retaining jurisdiction and denying defendant's petition to remove. Defendant thereupon filed in this court, April 14, 1933, a certified transcript of the record of the state court proceedings in the said suit numbered 1765. The defendant also filed, the same day, in this court, its bill in equity, numbered 539, seeking to restrain the plaintiff from further prosecuting his said suit pending in the District Court of Kerr county, being the law action removed to this court, asserting that removing No. 1765 had the effect of likewise carrying with it the final determination of another action at law between the same parties in the state court, being numbered 1738, because of an agreement of the parties litigant to the effect that suit No. 1737 in the state court having been tried and judgment appealed prior to trial in No. 1738, to avoid retrials No. 1738 should stand, the judgment to be entered in that case to be the same as that entered by the appellate court in No. 1737.

That the effect of said agreement thereby increased the amount in controversy in No. 1765 removed to this court by the amount sued for, $1,620, plus the amount sued for in No. 1738, the sum of which, as alleged by plaintiff in his bill in No. 539 equity, to be in excess of $3,000, because plaintiff in No. 1765 sues for all installments due from June 1, 1932, to October, 1932, and thence to March, 1933, which at $200 per month would then exceed ....................$2,400.00

The statutory penalty, June to October, in No. 1738, per agreement.. 120.00

Attorney's fees in No. 1738, per agreement .................... 250.00

Statutory penalty on installments November, 1932, to March, 1933.. 120.00

Attorney's fees sought in No. 1765.. 500.00

Total ....................$3,390.00

The transcript of the state court suit No. 1765 shows that the controversy grows out of insurance policy contracts which have matured because of plaintiff's total disability, thus obligating defendants to pay monthly installments of certain sums of money and imposing a penalty for nonpayment, and reasonable attorney's fees.

In suit No. 1765, docket number in this court 1739, the defendant insurance company is sued for five monthly installments of $200 each, or $1,000, for attorney's fees, $500, and for $120 penalty for failure to pay, a total of $1,620, excluding interest and costs.

The transcript of the record of this suit only is before the court. The law fixes the methods by which suits may be removed from the state to the federal courts. Suit No. 1738 has not been removed. The jurisdiction of this court fails unless the agreement has the effect of merging suit No. 1738 with suit No. 1765, brought here by transcript and filed on the law side as No. 1739. It provides for the entry of judgment in No. 1738 when the state appellate court has made final disposition of No. 1737 to the effect that should the judgment of the lower court be affirmed a final judgment should be entered in the trial court in No. 1738.

Parties cannot, by agreement, confer jurisdiction if the necessary elements be lacking. The agreement of merger, so called, even if effectual, fails of its purpose here because the contingency upon which the jurisdiction rests does not come into being until a court of another jurisdiction has rendered a final judgment in another case also of another jurisdiction. Plaintiff earnestly contests the defendant's estimates of values involved by the results of the so-called merger, insisting that

the only controversy is as to alleged default in payment of five months' allotments at $200 per month, 12½ per cent. thereof as penalty, and $500 attorney's fees, a total of $1,620. The defendant replies that if the state appellate court affirms the judgment of the lower court in No. 1737, then the judgment in No. 1765 would be $3,390, exclusive of interest and costs, and bond for removal was filed in the state court.

But uncertain future contingencies are not present controversies and cannot be taken into account in estimating jurisdictional amount at the time of removal. The case of Wright v. Mutual Life Insurance Company of New York, 19 F.(2d) 117, decided by the Court of Appeals of the Fifth Circuit, affirmed in 276 U. S. 602, 48 S. Ct. 328, 72 L. Ed. 726, states the law applicable to the facts in this case. This was an insurance installment case. The plaintiff sued for $60 per month because of accidental death, seven installments due—$420—with 20 years to run. The defendant, a nonresident insurance company, filed petition and bond for removal on the ground that the amount in controversy exceeded $3,000. The appellate court reversed the judgment of the lower court, retaining jurisdiction (3 F.(2d) 501), and remanded the case, holding that the amount in controversy was insufficient, though a decision on the issue, whether death was accidental or otherwise, might aggregate recovery beyond the jurisdictional amount, declaring that the collateral effect of a judgment is not the test of jurisdictional amount, quoting Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249, leading case, citing many supporting cases; also quoting from Vicksburg Railroad, etc., v. Smith, 135 U. S. 195, 10 S. Ct. 728, 34 L. Ed. 95, and New England Mortgage Security Company v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646.

Judge Sanborn, District Judge, in Enger v. Northern Finance Corporation, 31 F.(2d) 136, 140, masses all authorities, including those cited in Wright v. Mutual Life, supra, in support of the proposition that if the suit could not have been originally brought in the federal court it could not be removed, and the proposition that the probative effects of a judgment cannot be taken into consideration in determining the amount in controversy. Judge Sanborn quotes Circuit Judge Kenyon in Elliott v. Empire Natural Gas Co. (C. C. A.) 4 F.(2d) 493, as follows: "It is what the appellees will directly lose in this suit that determines the jurisdictional value of the mat-

ter involved. It is not what they may lose as an indirect result."

As cumulative of the decision of the Wright Case, supra, and following the rule there announced, U. S. District Judge Caffey, in denying motion to remove in La-Vecchia v. Connecticut Mutual Life (Southern District of New York), 1 Fed. Supp. 588, 589, a disability installment case, holds: "Even if a judgment for the February, 1932, installment were res adjudicata of liability for installments maturing in subsequent months, that would not increase, for jurisdictional purposes, the amount in controversy beyond the sum for which, upon the complaint, judgment can presently be rendered," citing the Wright and Enger Cases, supra.

From the foregoing, the court is of the opinion that the amount shown to be in controversy here is less than the jurisdictional requirement, and that the case should be remanded. An order in accordance may be presented for entry.