## STOCKMAN v. RELIANCE LIFE INS. CO. OF PITTSBURGH, PA.

District Court, W. D. South Carolina.
July 27, 1939.

W. H. Nicholson, of Greenwood, S. C., for plaintiff.

Edward L. Craig, of Columbia, S. C., for defendant.

WYCHE, District Judge.

Plaintiff moves to remand this case to the court of common pleas for Greenwood County from which it was removed to this court upon the petition of the defendant.

The action is for a recovery under the terms of a $5,000 life insurance policy issued by the defendant to the plaintiff, containing among other promises, the agreement to pay to the insured the sum of $50 per month in the event of total and permanent disability during the continuance of such disability, and to waive premiums during the period that the insured remains so disabled. The complaint alleges that the plaintiff became totally and permanently disabled on August 1, 1938, and has remained so since that date; that the defendant has failed and refused to recognize the said disability and to make the payments provided for in the policy; and that under the terms of the policy the insured is entitled to recover $50 per month from August 1, 1938, as well as the return of the premium of $228.65, due March 3, 1939.

In due time the defendant filed its petition and bond for removal to this court showing diversity of citizenship and alleging that the matter and amount in dispute in the suit exceeds, exclusive of interest and costs, the sum or value of $3,000; that if plaintiff's claim is approved it will be necessary for the defendant to set up a reserve of $5,172, and that such reserve is a "valuable liability" to be protected and defended by the defendant. The plaintiff has duly moved to remand the cause to the state court, but has not traversed the allegations of the petition. Diversity of citizenship is admitted; the validity of the policy is not at issue; and the amount demanded in the complaint is less than the jurisdictional amount. 28 U.S.C.A. § 41 (1). The sole question for decision, therefore, is whether defendant's untraversed allegation in its removal petition that defendant, in case of plaintiff's recovery, will be required to set up a reserve of $5,172,

is the test of the value of the matter in controversy.

The federal statute gives this court jurisdiction in cases of diverse citizenship where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. 28 U.S.C.A. § 41(1). The Supreme Court, in speaking of this statute, recently declared: "The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution * * * to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution. * * * Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Healy v. Ratta, 292 U. S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248. The jurisdiction of this court depends upon the amount actually in controversy in this suit, and must be determined by the amount involved in this particular case, and not by any amount indirectly involved because of the probative effect of the judgment that may be rendered herein. Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S. Ct. 815, 36 L.Ed. 646. The collateral effect of a judgment is not determinative or the test of jurisdiction. Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249.

There is no controversy in this suit between the plaintiff and the defendant with reference to the requirement to set up a reserve in the event of plaintiff's succeeding in his demands. The plaintiff is not demanding in this action that such a reserve be set apart, or alleging that he has a right so to demand. If plaintiff is successful in the suit the fact that the defendant may be required to set up such reserve is collateral to plaintiff's demand for the monthly payments, and refund of the premium, which, according to the allegations of the complaint, is the sole matter in controversy between the parties.

As pointed out by Judge Chesnut, in a very able opinion, in a similar case: "The requirement for the reserve does not mean that the defendant will necessarily be required to pay out a sum in excess of $3,-

448

000 as that obviously depends upon the long continuance of the plaintiff's total disability which will not be established by the plaintiff's success in the present suit, which covers only a particular period of alleged total disability. That is to say, a judgment for the plaintiff in the present case will not necessarily be an estoppel against the defendant with respect to payments alleged to be due in the future. But even if this were the necessary result of this case, nevertheless that would not be sufficient to establish the jurisdiction because it is only a collateral or consequential or incidental result." Berlin v. Travelers Ins. Co., D. C., 18 F.Supp. 126, 128.

I, therefore, conclude that the defendant's allegation of the requirement of the maintenance of a reserve in the event of plaintiff's recovery is not sufficient to show an adequate amount in controversy to support the jurisdiction of this court.

For the foregoing reasons the motion to remand must be, and is, granted.