**Norma S. WALPERT**

v.

**Howard E. WALPERT**
and
**Susan Elizabeth Lort a/k/a Susan L. Walpert.**

**Civ. A. No. 60–71.**

United States District Court,
D. New Jersey.

June 22, 1971.

Saverio R. Principato, Camden, N. J. (Martin Heller, Philadelphia, Pa., on the brief), for plaintiff.

Orlando & Orlando, by Michael A. Orlando, Haddonfield, N. J. (Morgan, Lew-

is & Bockius, by Gregory Harvey, Philadelphia, Pa., on the brief), for defendants.

## MEMORANDUM OPINION AND ORDER

KITCHEN, District Judge:

In this civil action, plaintiff seeks, *inter alia*, a declaration of her marital status. The suit is one for declaratory relief under 28 U.S.C.A. §§ 2201–2202, jurisdiction being predicated on diversity of citizenship and the required amount in controversy. 28 U.S.C.A. § 1332.

■ The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201–2202 is procedural only. Therefore, in order to maintain an action seeking relief under that Act, plaintiff must establish independent grounds of jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

■ The Court, *sua sponte*, has questioned its power to preside over this case on the basis that the amount in controversy is not in excess of $10,000.00. Rule 12(h) (3), Federal Rules of Civil Procedure; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In response to the Court's request, the parties have submitted briefs directed to this issue. No hearing is required on a motion to dismiss for lack of jurisdiction. Kamsler v. Zaslawsky, 355 F.2d 526 (7th Cir. 1966).

Plaintiff contends that the $10,000.00 amount in controversy requirement is satisfied on the basis that there is in effect a support order against defendant Howard E. Walpert awarding plaintiff nearly $12,000.00 annually. However, the validity of that order is not here in dispute. Furthermore, plaintiff concedes that defendant is not in arrears in his support obligation.

■■ The policy behind the amount in controversy requirement of 28 U.S. C.A. § 1332—that cases involving lesser sums be adjudicated by the State Courts —compels District Courts to strictly construe that statute's monetary floor. Healy v. Ratta, 292 U.S. 263, 269–270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). Consistent with this policy,

"It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." New England Mortgage Security Co., v. Gay, 145 U.S. 123, 130, 12 S.Ct. 815, 816, 36 L.Ed. 646 (1892).

■ The only matter actually in dispute here is the marital status of the parties. The United States Supreme Court long ago declared that the rights involved in such controversies are not subject to pecuniary evaluation. De La Rama v. De La Rama, 201 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765 (1906). Any monetary damage which plaintiff might suffer is purely speculative and collateral to this proceeding.

In Rapoport v. Rapoport, 416 F.2d 41 (9th Cir. 1969), the Court dismissed an action seeking to determine the marital status of the parties for lack of the requisite amount in controversy. Rejecting an argument similar to that advanced by the plaintiff in this case, the Court said; at page 43:

"The first contention is that a declaration of marital status is worth more than $10,000 to each of the parties, because an adjudication of status potentially affects the support obligations [of the parties.] The argument fails for the reason crisply stated in 1 Moore's Federal Practice (1964) ¶ 0.92[5], p. 842: 'Where a matter in dispute is of such a nature as to be incapable of being reduced to a pecuniary standard of value, jurisdiction cannot be predicated on any statute containing an amount in controversy requirement.' A declaration of marital status is patently beyond pecuniary measure. [Citing cases]"

The Court further stated, at the same page:

"It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication. * * * "

The *Rapoport* decision also contains the following passage: "The only matter directly in controversy was the validity of [plaintiff's] divorce." *Id.* at 44.

Since the amount in controversy is insufficient to bring this action within the jurisdiction of this Court,

It is, on this 22 day of June, 1971,

Ordered, that the complaint be and hereby is dismissed without costs and without prejudice to plaintiff's right to bring a similar suit in an appropriate state court.