131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee
corporation, Plaintiff-counter-defendant-Appellee,
v.
Harry J. O'CONNOR, Defendant-counter-claimant-Appellant.
 No. 96-56015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.**
Decided Nov. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Gary L. Taylor, District Judge, Presiding.
 Before: BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Provident Life and Accident Insurance Company brought this action against its insured, Harry J. O'Connor. The only thing it sought was an order to compel O'Connor to produce documents which had been generated in a separate unrelated case. The district court granted summary judgment to Provident and ordered production of the documents. O'Connor appeals on the ground that the district court lacked diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). We agree, and therefore vacate the judgment and remand.
 
 
 3
 This is a declaratory relief action, but that alone does not determine subject matter jurisdiction. See Golden Eagle Ins. Co., v. Travelers Cos., 103 F.3d 750, 753 (9th Cir.1996). As Provident recognizes, jurisdiction must be founded upon diversity in this case. While the parties are diverse, that, too, is not sufficient because the amount in controversy must still exceed $50,000. See 28 U.S.C. § 1332(a).[1] But that amount must be established by "the value of the particular and limited thing sought to be accomplished by the action." Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir.1944); see also Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).
 
 
 4
 Provident asserts that the jurisdictional amount is satisfied because it is investigating a disability claim on which it has already paid $500,000 and might have to pay a great deal more. However, this litigation itself will not determine the disability issue. Its only object is to obtain some paperwork. Indeed, once that paperwork has been obtained there is no telling what will occur and, whatever that might be, it will not occur within the confines of this action. Thus, a great chasm carved out by more than 100 years of authority lies between Provident and its goal.
 
 
 5
 It is well settled that a party cannot satisfy the amount in controversy requirement by pointing to the possible (or even rather certain) collateral effects of the litigation. See. e.g., New England Mortgage Sec. Co. v. Gay, 145 U.S. 123, 130, 12 S.Ct. 815, 816, 36 L.Ed. 646 (1892) ("It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment."); Rapoport v. Rapoport, 416 F.2d 41, 43 (9th Cir.1969) ("It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication."); Quinault Tribe of Indians of Quinault Reservation in State of Washington v. Gallagher, 368 F.2d 648, 655 (9th Cir.1966) ("[J]urisdiction depends upon the matter directly in dispute in the particular cause, and the court is not permitted, for the purpose of determining its sum or value, to estimate its collateral effect."); see also 14A Charles Alan Wright et al., Federal Practice and Procedure § 3702, at 37-38 & n. 46 (2d ed.1985). Provident runs afoul of this rule when it ruminates on the possible benefits to be obtained from the materials in question. It certainly has not attempted to attach an over $50,000 value to the materials themselves; it hardly could. All it can do is speak vaguely about what it might or might not do should it obtain the materials. Thus, the district court lacked jurisdiction.
 
 
 6
 We are informed that pursuant to the district court's order the materials themselves have been obtained elsewhere, but both parties assure us that the controversy has not become moot because, as they see it, Provident can be prohibited from making use of the material, if the district court's determination is overturned. We agree in part. We, therefore, direct that upon remand the district court shall enter an order that Provident shall return the materials obtained pursuant to the district court's order of May 6, 1996, and all copies thereof.[2] The action must then, in all other respects, be dismissed for lack of jurisdiction.
 
 
 7
 VACATED and REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At the time Provident filed its declaratory relief action in 1995, the amount in controversy requirement was still $50,000
 
 
 [2]
 We have considered the possibility that the matter is either moot or unripe. However, considering the position of the parties and the fact that the district court did not have jurisdiction in the first place, we deem it proper to proceed in this manner. Cf. Church of Scientology v. United States, 506 U.S. 9, 15, 113 S.Ct. 447, 451, 121 L.Ed.2d 313 (1992) ("[T]his case is not moot because if the summons were improperly issued or enforced a court could order that the IRS' copies of the tapes be either returned or destroyed."); United States v. Rubin, 2 F.3d 974, 976 (9th Cir.1993) ("[T]he government can still be compelled to return the records if they were improperly obtained.") Moreover, O'Connor himself has not produced any materials, although the district court order directs him to do so