WINNEMANS and others *v.* EDGINGTON and others.

*(Circuit Court, N. D. Iowa, E. D.   April Term, 1886.)*

1. REMOVAL OF CAUSE—JURISDICTION—SEPARABLE CONTROVERSY—REPLEVIN.
W. S. & Co., citizens of Illinois, brought suit in the circuit court of Black Hawk county, Iowa, against S., E., and K., to recover certain goods, or their value, which had been purchased by S. from them, and carried to Iowa. A judgment having been obtained against S. some time afterwards, an execution was issued and placed in the hands of E., the sheriff, one of the defendants, who proceeded to levy the same upon the goods thus purchased. About the same time, also, S. made a bill of sale of the same goods to the defendant K., who took possession of them, and continued in possession of them, the plaintiffs not having given the bond required by law, but choosing to await the result of the suit. The defendant K. was a citizen of the state of Illinois, and the defendants S. and E. were citizens of the state of Iowa. At the appearance term the defendants S,, E., and K. united in a petition to remove the cause to the federal court, but no action was taken upon the petition by the state court. A transcript of the record having been filed in this court, the plaintiffs moved to have the cause remanded to the state court. *Held*, that the record does not show a separable controversy between the plaintiffs and the defendants to entitle the defendants to a removal, and that the cause must be remanded to the state court.

2. SAME—AMENDING PETITION.
Where a petition for removal is granted by a state court, and the transcript is filed in the United States court, upon a motion to remand being made, an amendment of the petition will be allowed for the purpose of curing any defects therein. If the state court does not grant or refuses an order for the removal of the cause, no amendments to the petition will be allowed.

At Law.   Motion to remand.

*Alford & Gates*, for plaintiff.

*J. Blackburn Jones* and *Platt & Hoff*, for defendants.

SHIRAS, J.   This action was commenced in the circuit court of Black Hawk county, under the provisions of the Code of Iowa regulating actions for the recovery of specific personal property. In the petition it is alleged that the defendant Shaw fraudulently induced the plaintiffs to sell him at Chicago a large quantity of goods, which he brought to Waterloo, Iowa, with the intent on his part not to pay for said goods; that upon getting said goods to Waterloo, in furtherance of his fraudulent intent, he procured and caused a judgment in favor of his father-in-law to be entered in Montgomery county, Iowa, the same being a fraud; that an execution was issued thereon, and placed in the hands of the defendant Edgington, who was sheriff of Black Hawk county, who, by direction of the plaintiff in execution, levied said writ upon the goods fraudulently procured from plaintiffs by said Shaw; that said Shaw also, in furtherance of his fraudulent intent, executed a bill of sale to H. W. King upon said goods, and

that said King took possession thereof; and plaintiffs aver that the possession of said goods is wrongfully withheld from them, and prays judgment for the return of the property, or for its value, and damages. Plaintiffs did not file the bond required by section 3329 of the Code of Iowa, and consequently the goods were left in possession of the defendants awaiting the final determination of the suit. At the appearance term in said action the defendants united in a petition for the removal of this cause into the federal court, averring therein that plaintiffs are and were at the commencement of the action, citizens of the state of Illinois; that H. W. King was and is a citizen of Illinois, and Shaw and Edgington are and were citizens of the state of Iowa; that said action sounds in replevin for the recovery of specific personal property, alleged to be by the petitioners fraudulently and wrongfully detained from said plaintiff, etc. It does not appear that any action was taken upon the petition for removal by the state court.

A transcript of the record having been filed in this court, the plaintiff moves for an order remanding the same to the state court. It appears from the averments of the petition for removal that the value of the property in controversy exceeds $500, and that the defendant King was and is a citizen of the state of Illinois, as are also the plaintiffs. The jurisdiction of this court depends, therefore, upon the question whether the record shows a separable controversy between plaintiffs and the defendants Shaw and Edgington in which the defendant King has no legal interest. According to the averments of the petition for removal the action "sounds in replevin for the recovery of specific personal property, alleged to be by your petitioners (Shaw, Edgington, and King) fraudulently and wrongfully detained from said plaintiffs. The petition in replevin avers that "said sheriff (Edgington) and said King are now in possession of said goods and property of plaintiffs." According to the provisions of the Code of Iowa, the plaintiffs, if successful in the case, are entitled to a judgment for the return of the property, or for its value, and under the averments of the petition plaintiffs' judgment in either form would be against King jointly with Edgington. The record upon its face shows that plaintiffs have sued the defendants jointly, and it does not appear that there is involved a separable controversy in favor of a citizen of Iowa, which would entitle him to a removal.

The ultimate question to be determined is whether plaintiffs have lost the title to the goods in controversy, or whether the title and consequent right of possession still remains in them. In this question the defendants are all interested adversely to plaintiffs, and although in the further progress of the case questions may arise touching the rights of the defendants in which they may not be alike interested, yet, upon the face of the record, it does not appear that the cause presents a separable controversy between citizens of different states. The plaintiffs have sued the defendants jointly, and the case falls

within the rule laid down in *Railroad Co.* v. *Ide,* 114 U. S. 62; S. C. 5 Sup. Ct. Rep. 735; *Pirie* v. *Tvedt,* 115 U. S. 41; S. C. 5 Sup. Ct. Rep. 1034, 1161; *Sloane* v. *Andersen,* 6 Sup. Ct. Rep. 730.

Counsel for defendants ask leave to file an amendment to the petition for removal for the purpose of averring that there is a controversy between Shaw and Edgington and plaintiffs, who are citizens of different states. Should leave to file such amendment be granted? If, upon the filing of a petition for removal, the state court grants the prayer of the petition, and the transcript is filed in the United States court; and, upon a motion to remand being made, some defect in the averments of the petition are discovered,—no good reason is perceived why an amendment should not be allowed in order that the averments in the petition may be made to show the very truth of the case. Under such circumstances, the effect of the amendment is to show that the order of the state court was proper, according to the facts. If, however, the state court did not grant or refused an order for the removal of the cause, then a different rule should prevail. The case having been originally brought in the state court, its jurisdiction has attached, and it cannot be compelled, nor in fact is it justified, in parting with jurisdiction, unless the record presented to it shows that the case is properly removable under the law. The right of removal is purely statutory. The state court is in duty bound to retain jurisdiction, unless the party seeking a removal shows upon the record in that court a legal right of removal. If, then, a party seeking a removal does not upon the record make a showing sufficient to terminate the jurisdiction of the state court, and for that reason the state court does not yield up its jurisdiction, can it be permitted to the petitioner to file a transcript in the United States court, and then, in the latter court, file amendments showing that he had a right of removal? The state court is not required to take notice of papers filed or proceedings had in the United States courts.

As already said, the state court must retain jurisdiction, and proceed with the cause, until, upon its record, it is made to appear that the case is one removable to the United States court. Its jurisdiction cannot be affected by papers filed in the United States courts. If a party having in fact the right of removal wishes to exercise the right, he must comply with the statutory requirements. In other words, he must file in the state court a sufficient showing and proper bond. If the showing is incomplete and insufficient, the jurisdiction of the state court continues. If the party by amendment can perfect the showing, he must do so in the state court. He cannot, by filing a transcript in this court, confer the right upon the federal tribunal of terminating the jurisdiction of the state court by allowing an amendment to be filed in this court. *Stone* v. *South Carolina,* 6 Sup. Ct. Rep. 799.

The motion for leave to file an amendment is therefore refused, and the motion to remand to the state court is granted, the defendants to pay the costs of this court.