CLAY CENTER *v.* FARMERS' LOAN & TRUST
COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF KANSAS.

No. 339. Submitted April 26, 1892. — Decided May 2, 1892.

When, in an action to recover an instalment of rent, the judgment below is
for less than $5000, this court is without appellate jurisdiction although
the judgment involved the existence and validity of the contract of lease,
and thus indirectly an amount in excess of the jurisdictional limit.

THE case is stated in the opinion.

*Mr. J. B. Johnson, Mr. John Martin Mr. F. B. Dawes*
and *Mr. Henry Keeler* for appellant.

*Mr. W. H. Rossington, Mr. Charles Blood Smith* and *Mr.
Herbert B. Turner* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the
court.

This was a suit to recover of the city of Clay Center two
instalments of hydrant rental for eighteen hundred and fifty
dollars each, with interest. These rentals were claimed to be

due under an alleged contract in respect of the erection of water-works, between the city and one Bonebrake and a Water-works company, his assignee and successor, and to be payable under said contract to the Farmers' Loan and Trust Company, trustee in a trust deed to secure bonds issued by the Water-works company for the purpose of borrowing money to complete the construction of the works.

The bill prayed that the city be decreed to have contracted with the Trust Company to pay directly to it so much of the hydrant rental as might be necessary to pay the interest on the bonds, and to pay the two instalments then due with interest. The decree sustained the contract and the liability to pay the Trust Company directly and awarded recovery to the amount of $4042.65. This was all that could be recovered in this suit, if the contract were valid and binding as found. If the Circuit Court had arrived at the contrary conclusion on that point, this was all that in this suit complainant could have lost; and as in the latter contingency complainant could not have brought the case here, so defendant cannot, because the decree, which allowed all that was claimed, is for less than the jurisdictional amount. The value of the matter in dispute was the accrued rental and interest, and although the determination that such rental was due and should be paid to the trustee involved the existence and validity of the contract, yet causes of action for hydrant rental which had not accrued but might subsequently accrue cannot be availed of to make out jurisdiction of the case by this court upon appeal. *New England Mortgage Security Co.* v. *Gay, ante* 123.

The appeal is

*Dismissed for want of jurisdiction.*