# MANSFIELD *v.* WINTER.

APPELLATE PRACTICE; JURISDICTION; INTEREST; ACTIONS.

1. An appeal will lie to this court where the record on appeal sets out the declaration, pleas, judgment and appeal, but no bill of exception or motion in arrest of judgment, if the declaration states a case not within the jurisdiction of the lower court, or which wholly fails to show any such legal cause of action upon which the judgment could be properly rendered.

2. Suits to recover the sum of $100 or less are within the exclusive jurisdiction of justices of the peace in this District, and no addition for interest can be taken into account for the purpose of increasing the amount so as to bring the claim within the jurisdiction of the Supreme Court of the District of Columbia.

3. An action to recover damages for breach of a contract to pay a sum of money in instalments will only lie for the instalments due at the time of bringing the suit, and subsequent instalments falling due after action brought cannot be included in the recovery, or in any manner reckoned in the plaintiff's claim, so as to support the jurisdiction of the court, or to justify the rendition of a judgment for the entire sum claimed.

No. 648. Submitted March 9, 1897. Decided April 7, 1897.

HEARING on an appeal by the defendant from a judgment on verdict in an action of assumpsit. *Reversed.*

The COURT in its opinion stated the case as follows:

This is an action of assumpsit, and the declaration, containing a single count, declares for a certain amount of money due the plaintiff, which was promised to be paid her by the defendant, on a settlement and compromise made between them.

The action was brought on the 31st day of December, 1895, and in the declaration it is alleged that the defendant, Richard Mansfield, contracted and agreed with the plaintiff, Mary Sanders Winter, an actress, in consideration of the rendition by her of her professional services as an actress to

the defendant, Mansfield, for the theatrical season of 1895–6, that is, from the 16th of September, 1895, to the 15th day of June, 1896, to pay her the sum of $75 per week, such payment to be made on Saturday of each week during the entire time aforesaid; and that, in pursuance of the contract, the plaintiff entered upon the performance of her duties as such actress under the management and for the benefit of the defendant, Mansfield, and continued to render him her services as actress until the 3d day of December, 1895, when, without cause or justification, the defendant dismissed her from his service and refused and failed to perform his contract with her, and refused and failed to pay her the weekly sum of $75 agreed by him to be paid. That, thereafter, *in settlement, satisfaction and compromise* of the claim of plaintiff against the defendant, under said contract, *and in consideration of the waiver by her of her rights thereunder,* the defendant undertook and promised to pay to the plaintiff the sum of $1,350, *payable in weekly instalments* of $50, the first instalment to be paid on the 14th day of December, 1895, and the balance in weekly instalments of $50, to be paid on the Saturday of each succeeding week until the entire sum of $1,350 was paid. That thereafter, on the 14th day of December, 1895, the defendant paid one instalment of $50 to the plaintiff, but subsequently, to wit, on the 21st day of December, 1895, he wholly refused and failed to pay to her the instalment of $50 agreed by him to be paid on that date, and wholly refused and failed to pay her any further sum whatever, and has since refused and failed, and still refuses and fails to perform and carry out his contract, and has wholly refused to pay the plaintiff any further sum whatever; wherefore she brings suit and claims the sum of $1,300, with interest thereon from the 31st day of December, 1895, besides costs.

The pleas were, that the defendant was not indebted as alleged; that he never promised as alleged; and that he never agreed as alleged. Issue was joined, and the case was

tried by jury, and on the 16th day of December, 1896, verdict was rendered for the plaintiff for $1,300, the whole amount claimed; and on that verdict, after overruling a motion for a new trial, the court, on the 21st of December, 1896, entered judgment for the plaintiff for the $1,300 and costs.

*Mr. Samuel F. Phillips, Mr. Frederic D. McKenney, Mr. Edwin B. Hay* and *Mr. James B. Green* for the appellant:

1. If the error complained of appears on the face of the record proper, it need not be presented by a bill of exceptions. *Plow Co.* v. *Webb,* 141 U. S. 616. And where it is apparent from the record that the case has been mistried or tried upon some erroneous theory as to the rights of the parties and the amount to be recovered, the court will reverse the judgment and remand the cause for retrial. *Railroad Co.* v. *Car Co.,* 5 App. D. C. 524, 550. And "where an error in the amount recovered is apparent upon the record, and it could not have been remedied by an amendment of the pleadings, this court will, of its own motion, in the interests of justice, direct that it be corrected and, if necessary, order a new trial or further proceedings for that purpose." *Mills* v. *Scott,* 99 U. S. 25, 30.

2. A plaintiff must recover, if at all, according to the right which he has at the time of bringing the action. *Wedgewood* v. *Bailey,* T. Raym. 463. And the action will not lie before the demand has become due. *Church* v. *Clark,* 21 Pick. 310; *Swift* v. *Crocker,* Id. 241. With respect to instalments of money due at successive days under the same contract, a difference is made, whether the action be debt or assumpsit, for if the action be debt, it must be brought for the entire sum, and will not lie until the last day of payment has passed (Coke on Litt. 47*b; Rudder* v. *Price,* 1 H. Bl. 547, 550); but if it be assumpsit, successive actions may be maintained for each instalment as it falls due (*Cooke* v. *Whorwood,* 2 Saund. 337; *Badger* v. *Tilcomb,* 15 Pick. 409),

but all instalments due at the time the action is brought
constitute but a single cause of action, and must be sued for
together. *Hill* v. *Joy*, 149 Pa. St. 243 ; *Bendernagle* v. *Cocks*;
19 Wend. 207; 32 Am. Dec. 448 and note; *Dean* v. *Gover*,
2 Saund. (Part 2) 300, 303, n. 6; *Cooke* v. *Whorwood*, 2 Saund.
337; *Farnham* v. *Hay*, 2 Blackf. 107.

It may be assumed that the action in the case at bar is in
form assumpsit, for it does not sound in damages, and, gener-
ally speaking, assumpsit is the only remedy for the recovery
of an instalment due on a simple contract. *Tucker* v. *Ran-
dall*, 2 Mass. 283; *Greenleaf* v. *Kellogg*, 2 Mass. 568; *Hasling*
v. *Wiswall*, 8 Mass. 455; but whether it be debt or assumpsit
is of no consequence, for in either case the record discloses
reversible error, it appearing from the declaration itself that
at the date the action was brought there was due and pay-
able from the appellant to the appellees at most but two in-
stalments of $50 each, while the specific breach complained
of is the failure and refusal to pay the single instalment of
$50 which became due and payable December 21, 1895.
If the action be debt it was prematurely brought in its
entirety, and if it be assumpsit, the verdict and judgment
are too large. In either event the principle of *Mills* v.
*Scott, supra*, is applicable and the judgment should be re-
versed.

3. It is true that when a defendant has pleaded over he
cannot afterwards object to mere want of form in the declara-
tion, but if the count be defective in substance the verdict
cannot make it good. 3 Cooper, 120*b*. A verdict aids a
good title defectively stated, but not a defective title (2 H.
Bl. 261; 4 T. R. 470 ; 2 Mass. 521; 5 Mass. 306; 9 Mass.
198), and while it cures an ambiguity of expression it can-
not supply an omission of the gist of the action. Cowper,
825. It aids the presumption that everything was proved
which the allegations of the declaration required to be
proved, but nothing more. 2 T. R. 25 ; 3 Burr. 1725.
And if the plaintiff wholly failed to state a good cause of

action, there is no room for presumption—the defect is irremediable and beyond the salutary effects of a verdict. 1 Saund. 228c; *Rushton* v. *Aspinwall*, 2 Dodg. 679; *Crouther* v. *Oldfield*, 1 Salk. 365; *Reid* v. *Chelmsford*, 16 Pick. 128; *Addington* v. *Allen*, 11 Wend. 385; *Griffin* v. *Pratt*, 3 Conn. 513; *Crocker* v. *Whitney*, 10 Mass. 316; *Bayard* v. *Malcomb*, 2 Johns. 569; *Chichester* v. *Vass*, 1 Call (Va.) 83; *Bartlett* v. *Crozier*, 17 Johns. 438; *Cheetham* v. *Lewis*, 3 Johns. 42.

If it be law that a plaintiff in an action of assumpsit cannot recover on a promissory note not yet due (*Child* v. *Eureka Works*, 44 N. H. 354; *Rainey* v. *Long*, 9 Ala. 754), it must follow that he, in such an action on a note or other simple contract payable in instalments, cannot recover for an instalment not yet due   *Gordon* v. *Kennedy*, 2 Binn. 287; *Langer* v. *Parish*, 8 Serg. & R. 134.

The objection is substantial and appears upon the face of the declaration, without regard to extrinsic facts. It may be taken advantage of by writ of error. 1 Chitty, Plead. *220, note *x*; *Slacum* v. *Pomery*, 6 Cr. 221; *Bennett* v. *Butterworth*, 11 How. 669; *B. & P. R. Co.* v. *Presbyterian Church,* 91 U. S. 127; *Moline Plow Co.* v. *Webb,* 141 U. S. 616, 623.

*Mr. Charles J. Murphy* and *Mr. M. J. Colbert* for the appellees:

1. The appellants have made no assignment of errors as required by the rules of this court and hence the appeal should be dismissed. *Bradshaw* v. *Stott*, 4 App. D. C. 527; 2 Encyc. Pl. & Pr. 922 *et seq.*; *Booth* v. *Shepherd*, 8 Ohio St. 243.

2. The judgment below should be affirmed under section 3 of Rule 5 of this court, which provides that in no case will this court decide any point or question that was not fairly presented for decision by the court below. *Railway Co.* v. *James*, 163 U. S. 485; *Lawrence* v. *Hammond*, 4 App. D. C. 467; *Otterbach* v. *Patch*, 5 App. D. C. 69; *Roller* v.

*Caruthers*, 5 App. D. C. 372; *Lockwood* v. *Lindsey*, 6 App. D. C. 396.

It is not pretended that the court below did not have jurisdiction over either parties or subject-matter. It is conceded that a cause of action is stated in the declaration, but is contended that upon the face of the declaration the plaintiffs were only entitled to $100, while the judgment was for $1,300, and it is said that the reason the plaintiffs were only entitled to $100, is because the suit was brought when only two of the weekly instalments mentioned in the declaration were due. But the record shows that the trial took place December 16, 1896, after all the instalments became due. The objection, therefore, does not go to the substantial right of the plaintiffs to recover the entire amount claimed in their declaration, and the objection is not such a one that "could not have been cured by amendment." If the objection had been made at the trial, and had been considered a valid objection, leave could have been obtained to amend, and amendment could have been ordered at the trial, and it would not tend to work injustice, but to promote the ends of justice to have permitted the amendment. *McKay* v. *Freeman*, 6 Idaho, 453; *State* v. *McKennon*, 8 Idaho, 487; *Meekins* v. *Tatern,* 9 Idaho, 546.

3. The objection that the declaration is insufficient to support the verdict could not have been sustained even if properly raised in the court below. The declaration sets up a contract by which instead of paying the appellant, Mary Sanders Winter, $75 per week, the defendant agreed to pay her $1,350, in weekly instalments of $50; that he made the payment of $50, but thereafter utterly repudiated the contract, and refused to pay her any further sum whatever. In this situation the plaintiff had her option of treating the contract as a subsisting agreement, and of suing for the instalment of wages as they severally came due, or of treating the contract as rescinded by the defendant, and suing. for damages for its breach. This she has done, and in an

action of that kind to recover damages for the breach, whether the suit be in assumpsit or in tort, the measure of recovery is the same, viz., the profits she might have realized by the performance of the contract. *United States* v. *Behan,* 110 U. S. 338; *Hinckley* v. *Steel Co.*, 121 U. S. 262; *Lovell* v. *Insurance Co.*, 111 U. S. 264.

Where a contract for future employment and service has been entered into, and upon the arrival of the time specified for the commencement of the service, the employee being ready and willing to perform, the employer absolutely repudiates the contract, this is equivalent to a refusal to allow the employee to enter upon the service, and is a breach of the contract. The remedy of the employee is not an action for wages, but to recover damages for the breach, and the damages in such an action are *prima facie* the amount of the wages for the full term. *Howard* v. *Daly,* 61 N. Y. 362. The remedy for wrongful dismissal before the expiration of the engagement is a general action for damages, and if the plaintiff was full paid up to the time of his discharge, the sole measure of his damages will be the loss occasioned by breach of the contract. *Moody* v. *Leverich,* 14 Abb. Pr. 152; see also *De Leon* v. *Echeverria,* 45 N. Y. Sup. Ct. 610; *Dugan* v. *Anderson,* 36 Md. 567; *Miller* v. *Goddard,* 34 Me. 102; *Ricks* v. *Yates,* 5 Ind. 115; *Everson* v. *Powers,* 89 N. Y. 527.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There was no motion in arrest of judgment, nor was there any bill of exception signed. But the case is brought here by appeal on the naked record as we have recited it. And the question is, whether there is anything apparent upon the record that requires this court to review and reverse the judgment from which the appeal is taken.

It is true, as contended for the appellee, that questions not affecting the jurisdiction of the court below, or its power to render judgment upon the case stated for its action, will

not be entertained and decided by this court, under section 3 of Rule V of this court, unless they appear to have been fairly presented for decision by the court below. This is to prevent injustice to the trial court, and surprise to the parties and their counsel in this court, where, if questions be allowed to be made for the first time, would convert this court into an original trial court, and preclude the adverse party from fairly meeting the question by facts that might be within his control, or by the amendment of pleadings to meet the requirement of the new question made.

But this reason of the rule does not apply to the case where the declaration states a case not within the jurisdiction of the court, or which wholly fails to show any such legal cause of action upon which a valid judgment can be rendered. In such case, the declaration itself presents the question, and the court must be assumed to have taken notice of the case as therein stated, when called upon to render judgment. *Slacum* v. *Pomery*, 6 Cr. 221; *McAllister* v. *Kuhn,* 96 U. S. 87; *Cragin* v. *Lovell*, 109 U.S. 194; *Moline Plow Co.* v. *Webb*, 141 U. S. 616, 623.

Now, in this case, the only actionable causes of action that were stated in the declaration, due at the time of the action brought, were the two instalments due, respectively, the 21st and 28th of December, 1895, making, in the aggregate, the sum of $100; and though the declaration concludes with the claim of $1,300, the $100, according to the allegations as to the terms of the contract, was the only sum for which suit could be brought at the time of the institution of the present action. This sum determined the question of jurisdiction,

By the act of Congress of February 19, 1895, for the extension of the jurisdiction of justices of the peace in this District, the original jurisdiction of the Supreme Court of the District is limited and restricted to cases "where the amount claimed to be due, or the value of the property sought be recovered, *is more than one hundred dollars*"; and

such jurisdiction of the Supreme Court is concurrent with that of justices of the peace as to all amounts exceeding $100 and not exceeding $300; and of all sums above the last named sum the Supreme Court has exclusive jurisdiction. The amount sued for here, and which was recoverable at the time of the action brought, was within the exclusive jurisdiction of justices of the peace. There is no interest claimed, and no addition for interest could be taken into account for the purpose of increasing the amount, so as to bring the claim within the jurisdiction of the Supreme Court of the District. *Boagin* v. *Gordon,* 34 La. Ann. 1052 ; *Van Gelder* v. *Van Gelder,* 81 N. Y. 129; *Josnez* v. *Conner,* 75 N. Y. 158.

In the case of *Cooke* v. *Whorwood,* 2 Saund. 337, the action was upon an assumpsit to perform an award, for the payment of money in instalments; and it was held that the action would *only lie as the instalment became due.* In that case, it was held by the court, as reported by Saunders, that the action might be brought for such sum of money *only as was due at the time of bringing the action,* and the plaintiff should recover damages accordingly; and when another sum of money awarded should become due, the plaintiff might commence a new action for that also, and so *toties quoties.* And Chitty lays it down as settled law (1 Chit. Pl. 16 Ed. 115), that, in general, assumpsit is the *only remedy* for the recovery of an instalment due on a simple contract, in respect of an entire sum payable by instalments, the whole of which have not accrued due, as the action of debt is not sustainable in such case. *Tucker* v. *Randall,* 2 Mass. 283; *Rudden* v. *Price,* 1 Hen. Bl. 547; Com. Dig., Action F. In the case of *Rudden* v. *Price,* just referred to, will be found a most learned discussion, by Lord Loughborough, Chief Justice, of the question of the right of action in debt upon a promissory note, payable in instalments, before the last instalment was due. He held that the action could not be maintained.

It is clear, the two instalments due at the time of the action brought were not sufficient to maintain the jurisdiction of the court, and that the subsequent instalments, falling due after action brought, could not be included in the recovery, or in any manner reckoned in the plaintiff's claim, so as to support the jurisdiction of the court, or to justify the rendition of the judgment upon the verdict for the entire sum of $1,300. There was no legal foundation, therefore, for such judgment, and the court was without jurisdiction to render it. *Clay Center* v. *Farmers' Loan and Trust Co.,* 145 U. S. 224. The judgment must, therefore, be reversed and the cause be remanded, that the plaintiff may enter a nonsuit of her action, or, in default of that, that the court may dispose of the case in a manner not inconsistent with this opinion; and it is so ordered.

*Judgment reversed and cause remanded.*