### CITY OF NEW CASTLE v. WESTERN UNION TELEGRAPH CO.

(Circuit Court, W. D. Pennsylvania. March 23, 1907.)

#### No. 4.

REMOVAL OF CAUSES—MOTION TO REMAND—BURDEN OF PROOF.

On a motion to remand a cause to the state court where the amount in controversy in the suit is put in issue, the burden of proving that it is sufficient to give the federal court jurisdiction rests on the defendant, and the mere allegation of such fact in the petition for removal is not sufficient as against a sworn denial by the plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 230.]

In Equity. On motion to remand to state court.

Jas. A. Gardner, for complainant.
J. S. & E. G. Ferguson, for respondent.

EWING, District Judge. On May 21, 1906, the plaintiff filed its bill in equity in the court of common pleas of Lawrence county, Pa., against the defendant, setting forth that the plaintiff is a city of the third class of Pennsylvania, having full police power and the regulation and control of its streets and highways, and that, in pursuance of such power, it has constructed and established through a small part of its territory, being the closely built-up portions of said city, and that

part on which the poles and wires most numerously exist and where the public travel is greatest, a certain underground conduit system, and has, by ordinance duly enacted, required the placing therein of electric wires and cables which heretofore have been suspended on poles along the said streets and highways; that the defendant company has certain lines of poles and wires occupying a portion of the streets of said city in which the conduit system has been established, and after due notice from the authorities to place the said wires within said conduits has refused to do so, and asking that the defendant be required to remove its said line of poles and wires and place said wires in said conduit, and be restrained from maintaining its said aerial line or system on and along the streets and highways where said conduit system has been established. The bill was duly served on the 22d of May, and on the 4th of June the defendant presented its petition to said court, setting forth that the plaintiff is a citizen and resident of the state of Pennsylvania and the defendant a citizen and resident of the state of New York, that the matter in dispute exceeds the sum of $2,000, exclusive of interest and costs, and presenting its bond conditioned for the filing of the record of said case in the Circuit Court of the United States for the Western District of Pennsylvania, and for paying all costs that may be awarded by said court, etc., and praying that the petition and bond be accepted and approved and said cause removed to said Circuit Court, which request was granted by the court, and the record of said cause was thereupon removed into this court.

On September 7, 1906, the plaintiff moved to have the case remanded to the court of common pleas of Lawrence county, Pa., because, inter alia, the matter in dispute between the parties does not exceed the sum of $2,000, exclusive of interest and costs, and because the matter in controversy is not capable of being valued in money, and therefore this court has no jurisdiction. Upon this petition a rule was granted by this court, to which the defendant answered on November 21, 1906, alleging, inter alia, "that the right of this defendent to maintain its poles and wires, and operate the same within the said district of said city of New Castle, is of the value of not less than two thousand dollars," and that "the cost and expense of removing its said poles and wires, and placing the same in the said municipal conduits or subways of said city of New Castle, would exceed the sum of two thousand dollars." Both the motion to remand and the answer to the rule granted thereon are verified by affidavit. The defendant has filed no answer to the bill.

It thus appears that the question before the court is one of jurisdiction, viz., whether the matter in controversy exceeds in value the sum of $2,000, exclusive of interest and costs, or whether it is capable of being valued in money. The petition for removal of the cause having alleged that the matter in controversy does exceed said sum, that the plaintiff and defendant are citizens of different states, and having been made in time, accompanied by proper bond, the court of common pleas of Lawrence county could not do otherwise than accept said petition and approve said bond. But that was a proceeding wholly ex parte. Now, by the motion made here to remand the cause and the reasons assigned in support of that motion, the question of the amount

in controversy in this case is put at issue, and the disposition of this rule° depends upon whether or not the defendant has here shown that that amount does exceed the sum of $2,000, exclusive of interest and costs. Under the authorities the burden of showing this jurisdictional fact rests upon the defendant, and it has offered no proof in support of its allegation of the amount in controversy here, but relies wholly upon the statement in its petition for removal, which statement is nothing more than the simple allegation necessary to obtain that order, when there was no controversy as to the amount involved in the case. The statement in its answer to this rule, that its right to maintain and operate its pole line of wires "is of the value of not less than two thousand dollars," is insufficient, even if proved.

The question here is really as to the right of the defendant company to maintain its aerial line of poles and wires in the portions of the city of New Castle now occupied by it in which the conduit system has been established, and consequently the amount in controversy is to be determined by the value of that right. The plaintiff is seeking no recovery against the defendant, has no demand against it for either money or property, but simply asks that it change the character of its telegraph line from that of poles and wires to the conduit system, and thus does not seek to deprive the defendant of any of its franchise rights in said city, but merely to change and control the manner of the exercise of its rights. If this is a correct statement of the question involved in this proceeding and of the manner in which the amount in dispute is to be ascertained, it is evidently incorrect to determine that amount, as the defendant has endeavored to do in one statement of its answer, by a calculation of the cost to the defendant company of making the change from one system to the other. Indeed, it may be that the conduit system will prove more valuable and less expensive to the defendant company than its present one, as is alleged by the plaintiff in the reasons assigned in the motion to remand. But, in any event, the burden of showing the jurisdictional facts is upon the defendant, and it has failed to do more than make the allegation in its petition aforesaid. Moon on the Removal of Causes, § 201; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992.

As the matter thus appears, there is considerable doubt as to whether the amount in dispute here is sufficient to give this court jurisdiction, and, indeed, whether the amount is capable of anything like correct estimate or ascertainment, and therefore the cause should be remanded and this rule made absolute. Hutchenson v. Bigbee (C. C.) 56 Fed. 329; Fitzgerald v. Railway Company (C. C.) 45 Fed. 812; Winnemans v. Edgington (C. C.) 27 Fed. 324; Huntingdon v. Saunders, 163 U. S. 318, 16 Sup. Ct. 1120, 41 L. Ed. 174.

Other matters set out in the petition and answer do not appear pertinent to this inquiry, and therefore are not commented upon.

The rule is made absolute, and the cause remanded.