PEOPLES FINANCE CORPORATION, a Corporation, v. WILLIAM LINCOLN and MARION LINCOLN, Defendants, Appellants, HENRY B. LYONS and KATHRYNE LYONS, Interveners, Appellants.—131 S. W. (2d) 520.

Division One, September 14, 1939.

*David W. Wilhite* for appellants.

*Carl R. Johnson* for respondent.

DOUGLAS, J.—This is an action of unlawful detainer commenced before a justice of the peace in Jackson County. While the case was pending in the justice court the interveners filed a petition claiming title to the real property described in the complaint. This claim seems to have been dropped and is not before us as in the judgment entered for plaintiffs against defendants for restitution of the premises and for damages the record discloses no action on it. Appeal was taken from this judgment to the Circuit Court of Jackson County which court, on motion, dismissed the appeal whereupon an appeal was taken to this court.

The controversy over title even had it remained in the case, is not cognizable before a justice of the peace or in this type of proceeding. [Drzewiecki v. Stock-Daniel Hardware Co. (Mo. App.), 293 S. W. 441.]

By the very terms of the statute defining unlawful detainer (Sec. 2447, R. S. 1929, Mo. Stat. Ann., p. 2503), a proceeding of such nature can only be a possessory action. In addition there is an express statutory prohibition against inquiring into the merits of title to the real property involved in such an action. [Sec. 2467, R. S. 1929, Mo. Stat. Ann., p. 2514.] ''On this point the adjudications of this court have been uniform, and could not under such a plain expression of the legislative will have been otherwise.'' [Silvey v. Summer et al., 61 Mo. 253. See also Cronacher v. Runge (Mo.), 98 S. W. (2d) 603.]

This case being an action for possession in which title to real estate cannot be directly involved and the amount of damages being within the jurisdiction of the Court of Appeals we have no authority to determine it. It is transferred to the Kansas City Court of Appeals.

All concur.