SUSIE SHULL, RESPONDENT v. WILLIAM HATFIELD, APPELLANT.

Kansas City Court of Appeals. Opinion delivered June 2, 1947.

*Crawford & Harlan, Earl T. Crawford* and *Samuel P. Harlan* for appellant.

*Lamm* and *Barnett, D. S. Lamm* and *Roy J. Schick* for respondent.

CAVE, P. J.—The action is unlawful detainer for the possession of a certain residence located at 408 East Harvey Street in Sedalia, Missouri. The petition was filed in the justice of the peace court of Pettis County and removed to the circuit court by certiorari. A jury was waived, the cause tried by the court, resulting in a judgment for plaintiff for possession of the property and monthly rental until restitution be made. Defendant has appealed.

The only assignment of error is that the court erred in refusing to admit evidence to the effect that the defendant made an honest effort to find a place to which to move, and had been unable to do so; that an emergency existed with reference to housing accommodations in Sedalia and vicinity, and that as a result thereof it was impossible for defendant to vacate the premises; therefore, the holding over was not voluntary. Stated another way, defendant's contention is that, due to the housing shortage in Sedalia, it was impossible for him to find another place to live, and that this would constitute a legal excuse for his refusal to surrender possession.

Because of the one point at issue, it is unnecessary for us to give more than a bare outline of the evidence. It is undisputed that the plaintiff was the owner of the property involved, and that the defendant had been a month-to-month tenant for about 5 years prior to suit. Plaintiff desired possession of the residence for her son, a returned veteran, and his family; she gave the proper statutory notice and secured from the OPA office an eviction certificate before filing suit. Defendant sought to justify his refusal to give possession by offering evidence that he could not find another home because of a housing shortage in Sedalia and vicinity. The court excluded such evidence.

Defendant relies on the general principle of law that *impossibility of performance* of a contract constitutes a legal excuse for non-performance and, in this case, will relieve him from the obligation of surrendering possession. In support of that contention he cites 6 Williston (Rev. Ed. 1936), Sec. 1931, et seq.; Restatement of the Law of Contracts, Chap. 14; Transbay Construction Co. v. City of San Francisco, 35 Fed. (2d) 433; Herter v. Mullen, 159 N. Y. 28; Grice v. Todd, 120 Va. 481; Hayes v. Continental Cas. Co., 98 Mo. App. 410.

We have examined those authorities and are of the opinion that the general principle of law announced has no application to the facts in the instant case.

In the Herter case the tenant retained possession of one room of the house after the expiration of a year's lease, due to the critical illness of a member of the family, and in the Grice case the tenant held over for two or three days after the expiration of the lease, because of his inability to secure wagons to move him to another location. In each case the landlord sued the tenant for a year's rent on the theory that the holding over created an implied contract on the part of the tenant to remain and pay rent for another year. Both courts held that the holding over was not *voluntary* and, under such circumstances, the law did not create an implied contract from an act which is not voluntary. Those cases do not decide the question confronting us. Plaintiff is not seeking to enforce an implied contract created by the tenant holding over. Her action seeks to enforce a statutory right to possession.

In an unlawful detainer action right of possession is the only issue. Peoples Finance Corp. v. Lincoln, et al., 131 S. W. (2d) 520; Graham v. Conway, 91 Mo. App. 391. Defendant was a tenant from month to month, and when the proper notice had been given by the landlord it became his statutory, as well as his contractual duty, to surrender possession. Neither the statute nor his rental contract made it his duty to vacate *conditional* upon the fact that he would be able to locate some other convenient place to live. His contractual and legal obligation was to surrender possession of the property at a given time, and the proffered evidence disclosed nothing which would render the performance of that obligation *impossible*. Whether he could procure another suitable place to live is beside the point.

The judgment is for the right party and should be affirmed. It is so ordered. All concur.