RUBEL–JONES AGENCY, INC., a corporation, Plaintiff,

v.

Ruth J. Rubel JONES, Defendant.

No. 11970.

United States District Court
W. D. Missouri, W. D.

Sept. 24, 1958.

Reeder, Gisler, Griffin & Dysart, Kansas City, Mo., for plaintiff.

Barker, Fallon, Jones & Barker, Kansas City, Mo., for defendant.

**R. JASPER SMITH, District Judge.**

This action was begun by plaintiff, Rubel-Jones Agency, Inc., in the Magistrate Court for the Fourth District of Jackson County, Missouri. The complaint states a cause of action in unlawful detainer, seeking recovery of possession, damages for the unlawful detention of $500, and alleges the monthly rental value of the premises to be $100.

Thereafter defendant, Ruth J. Rubel Jones, removed the cause here on diversity of citizenship grounds under 28 U.S.C. Section 1441. The record discloses the basic nature of the controversy involved. Ruth J. Rubel Jones, who is Mrs. John P. Jones, has been engaged in the insurance business in the Missouri-Kansas area since 1929. She operated this business as a sole proprietorship under the name of the Ruth J. Rubel Agency. The underwriter for the insurance which was sold was the Continental Casualty Company of Chicago, Illinois. In 1953 through the auspices of the Continental Casualty Company negotiations were begun for Mrs. Jones to sell the agency to Mr. Forrest T. Jones. The sale was consummated through a series of complicated financial transactions, involving four parties with their correspondent interests in the business. The plan evolved by which the transfer was made is as follows:

(1) The agency was incorporated under the name of Ruth J. Rubel Agency, Inc.

(2) The shares of this corporation were sold to Mr. Forrest Jones for a down payment of $50,000 plus five per cent of the gross premium income of the agency for the succeeding ten years.

(3) In order to assure the payment of the installments in (2), supra, it was arranged through a series of contracts between the incorporated agency, Continental Casualty Company and Mrs. Jones that five per cent of the gross premiums due to the agency should be withheld by the underwriter from the agency and paid directly to Mrs. Jones.

(4) Forrest Jones guaranteed under contract with Mrs. Jones that the five per cent premium installments would amount to at least $15,000 per year for ten years, and that if there should be a deficit he would make up the difference.

(5) Other provisions included certain covenants not to compete, the procedure to be followed in case of default, the right of Mrs. Jones to engage in certain other non-conflicting business, and the promise of Mrs. Jones to render consultation services to the underwriter and the agency.

The transfer of the agency to Mr. Forrest Jones was completed in the fall of 1953. Mrs. Jones continued to occupy an office in the premises which the agency leased. In December of 1956 the name of the agency was changed to the Rubel-Jones Agency, Inc., the name presently used by plaintiff. In April, 1958, plaintiff served notice upon defendant that her tenancy in the office in question had been terminated. When she refused to move, this suit was instituted.

Plaintiff has now moved to remand the cause to the state court. The contentions in support of this motion are: (1) that this is a statutory action and that under the law of the State of Missouri it is cognizable only before a magistrate; and (2) that the amount in controversy does not exceed $3,000, exclusive of interest and costs (removal having occurred prior to July 25, 1958, the effective date of the amendments to Sections 1331 and 1332 of Title 28 U.S.C.A.).

The significant problem involved in this case and the major burden defendant assumes in maintaining the action here is the establishment of a sufficient amount in controversy to meet the minimum jurisdictional standard. It is defendant's contention that she has the right to occupy an office with the agency for the ten year period that the contracts are in force. The right of occupancy, it is maintained, is directly correlated to defendant's financial interests in the con-

tracts in question. Since these contracts involve some several hundred thousand dollars, the reasoning is that there is a sufficient amount in controversy for federal jurisdiction. Essentially defendant has advanced the theory that the probative effect of an adverse judgment will impair her security interests in the various contracts and will result in a loss to her of an undefined but sufficiently large amount to exceed $3,000, exclusive of interest and costs.

Disposition requires answer to three separate issues: (1) Whether a state statute which provides that certain types of actions shall be heard in a particular forum is an effective limitation on federal jurisdiction; (2) whether the possible injury to defendant's contract rights through the probative effect of an adverse judgment may be considered in determining the amount in controversy; and (3) the computation of the actual amount involved in an action of unlawful detainer under Missouri law.

1. While it might be argued with certain logic that federal courts cannot take part of a state statute and reject its remaining limitations, this theory has not been followed. The rule has been firmly established that when the jurisdictional prerequisites provided by the Constitution and laws of the United States are present, a state statute cannot place a limitation upon this jurisdiction. Kern v. Huidekoper, 1880, 103 U.S. 485, 26 L.Ed. 497; Home Ins. Co. of New York v. Morse, 1874, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365; Chicago & N. W. R. Co. v. Whitton, 1871, 13 Wall. 270, 80 U.S. 270, 20 L.Ed. 571; Katz v. Herschel Mfg. Co., C.C.D.Neb.1906, 150 F. 684. In the Chicago & N. W. R. Co. case, supra, the court said:

" * * * In all cases, where a general right is thus conferred, it can be enforced in any Federal court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court. The stat-

utes of nearly every State provide for the institution of numerous suits, such as for partition, foreclosure, and the recovery of real property in particular courts and in the counties where the land is situated, yet it never has been pretended that limitations of this character could affect, in any respect, the jurisdiction of the Federal court over such suits where the citizenship of one of the parties was otherwise sufficient. Whenever a general rule as to property or personal rights, or injuries to either, is established by state legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation."

The fact that Missouri Statutes provide that unlawful detainer actions are to be brought only before a magistrate does not limit a federal court's jurisdiction if the requisite elements of jurisdiction are present.

2. The relief sought by plaintiff in its complaint was restitution of the premises, damages of $500, and $100 per month as rental from demand for possession until restitution. Defendant removed, maintaining that an adverse judgment against her would result in the impairment of her security in a series of contracts worth several hundred thousand dollars. There has been no counterclaim, but defendant has pointed to three specific factors to substantiate her argument that there is a sufficient amount in controversy. It is first stated that the real objective of the suit is to oust defendant from her place of business. Her right to conduct business from the same place and with an agency bearing her name is valued at $10,000. Therefore, the amount in controversy is the sum of at least $10,000. Secondly, defendant maintains that her interest in the contracts under which the agency was sold is $250,000. To lose her right to possession of an office in the agency would impair her security in some undefined

amount. Therefore, a substantial portion of her rights under the contracts is involved. Defendant's last attempt to establish the requisite minimum is that five years of future rentals are involved. Since the complaint sought relief of $100 per month for rental, there is according to this theory $6,000 involved in the controversy. Generally, defendant attempts to convert this action into one where the basic controversy is the equitable protection of business interests. Under existing law this metamorphosis may not be allowed.

■■ Under Missouri law in an action of unlawful detainer the right to possession is the only issue. Peoples Finance Corporation v. Lincoln, 1939, 345 Mo. 113, 131 S.W.2d 520; Bussen v. Del Commune, 1946, 239 Mo.App. 859, 199 S.W.2d 13. In that action only such damages as are the natural and proximate result of the loss of possession are recoverable. 36 C.J.S. Forcible Entry and Detainer § 59. The matters which defendant seeks to inject are not of a nature to meet this qualifying principle. Further, it is a quite settled rule that in the determination of the amount in controversy only the matter which is directly in dispute is to be considered, and any contingent loss which may be suffered by either of the parties through the probative effect of an adverse judgment is not to be included. City of Clay Center v. Farmers' Loan & Trust Co., 1892, 145 U.S. 224, 12 S.Ct. 817, 36 L.Ed. 685; New England Mortgage Security Co. v. Gay, 1891, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646; Town of Elgin v. Marshall, 1882, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Elliott v. Empire Natural Gas Co., 8 Cir., 1925, 4 F.2d 493. Tested by this rule, defendant's contentions are purely ancillary to the present dispute. There has been no counterclaim. Nor has it been shown that the alleged dire results which defendant will suffer to her business interests will follow as a matter of course. The mere possibility that some injury, actually undefined in amount, might occur is the basis upon which the existence of a sufficient juris-

dictional amount is predicated. Defendant repeatedly points out the large amounts involved in the business of the agency and attempts to reach the minimum necessary limit by advancing the hypothesis that such losses as will occur will therefore exceed $3,000. This contingency is too vague and too remote to be used to meet the required standard. The Elgin case, supra, and the cases which follow it, are controlling as to the matter actually in dispute here. Attempts to invoke jurisdiction on the basis of possible losses through the effect of an adverse judgment are without merit.

■ 3. The sum actually remaining in controversy may now be ascertained. The action of unlawful detainer is codified as a complete code under Missouri statutes. Chapter 534, RSMo 1949, V.A.M.S. The statutory scheme under these statutes is an exclusive procedure which is sui generis. McIlvain v. Kavorinos, 1949, 358 Mo. 1153, 219 S.W.2d 349; Gary Realty Co. v. Kelly, 1919, 278 Mo. 450, 214 S.W. 92. As previously indicated the right of possession is the only issue, and only such damages as are the result of the unlawful detention are recoverable. Damages which may be recovered are specifically delineated by statute. Chapter 534, supra, contains the following provisions:

"Section 534.310. Whenever the verdict * * * or finding of the magistrate shall be for the complainant, damages shall be assessed as well for waste and injury committed * * *, as for all rents and profits due and owing up to the time of the rendering of the verdict or finding * * *, and such verdict or finding shall also state the monthly value of the rents and profits of said premises."

"Section 534.330. If the verdict * * * be for the complainant, * * * judgment shall be that the complainant have restitution of the premises * * *, and recover of the defendant the sum of ........ dollars, double the sum assessed by

the jury, or found for his damages; and also at the rate of ....... dollars, double the sum found per month, for rents and profits, from the ...... day of ......, 19.., the day of judgment, until restitution be made, together with costs."

There can be no recovery under these statutes for injury to business. Wanborg v. Karst, 1877, 4 Mo.App. 563. Nor can the amount of damages in unlawful detainer exceed the amount prayed for in the complaint. Feedler v. Schroeder, 1875, 59 Mo. 364; Balch v. Myers, 1896, 65 Mo.App. 422; Coles v. Foley, 1883, 13 Mo.App. 249. A demand for possession is the operative act which brings into force the statutes concerning unlawful detainer. Damages are not recoverable from the date of entry into possession until the time of demand, but only from the time of demand for possession to the date of the verdict. Moston v. Stow, 1902, 91 Mo.App. 554; Finley v. Magill, 1894, 57 Mo.App. 481. The objective of the suit is restitution of the premises. The damages recoverable are those incurred by reason of waste and injury plus rents and profits due through the period of unlawful detention, from the time of demand for possession to the day of the verdict. Lucas Hunt Village Co. v. Klein, 1949, 358 Mo. 1054, 218 S.W.2d 595. Under Section 534.330, supra, a successful complainant is entitled to have his damages doubled plus double the rental value from the date of judgment until restitution. Within these principles the amount involved here may be calculated. Plaintiff in its complaint sought damages of $500 for the unlawful detention. The monthly rental value was alleged to be $100 per month. This is the only indication in the record as it now stands of the reasonable rental value of the property. Possession was demanded as of May 31, 1958. Double the alleged damages is $1,000. Double the rental for the period of unlawful detention, approximately three and one-half months, at the present rate is $700. The value of future installments of rent may not be considered in ascertaining the amount in controversy. City of Clay Center v. Farmers' Loan & Trust Co., supra; New England Mortgage Security Co. v. Gay, supra; Troy v. Evans, 1877, 97 U.S. 1, 24 L.Ed. 941. The amount in controversy at the present time is therefore only $1,700.

This falls well short of the jurisdictional requirements here. Since a sufficient amount in controversy is not present, the cause is remanded to the Magistrate Court for the Fourth District of Jackson County, Missouri, from whence it was removed. It is so ordered.