**Mayo M. MURPHEY, doing business as Murphey's,**

v.

**G. C. MURPHY COMPANY.**
**Civ. A. No. 8590.**

United States District Court
W. D. Louisiana,
Shreveport Division.

April 19, 1963.

Ado C. Skeels, Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, La., for plaintiff.

Charles L. Mayer, Mayer & Smith, Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

This action initially was instituted in the First District Court for Caddo Parish, Louisiana, by Mayo Murphey against G. C. Murphy Company, alleging a trade-name infringement. Plaintiff alleged that he had operated a dry goods store (furniture, upholstery, draperies and a general line of household merchandise), under the trade name of "Murphey's," in Shreveport for twenty-two years. Defendant, G. C. Murphy Company, a nationwide variety chain, when it opened its first store in Shreveport in 1961, featured, as it does in all sections of the country, the trade name "Murphy's." Reserving his right to sue for damages, plaintiff prayed that defendant be enjoined from using the trade name "Murphy's."

Defendant timely removed the case to this Court. In its petition for removal it alleged that the matters and rights involved are of considerable value to the G. C. Murphy Company, being in excess of $10,000.00. Plaintiff promptly moved to remand for lack of an amount in actual controversy in excess of $10,-000.00.

After a hearing on the motion, defendant produced deposition and documentary evidence showing that the cost of removing the "Murphy" signs from the store would initially amount to $6,000.00 plus an additional yearly expense of $3,000.00. As of November 2, 1961, G. C. Murphy Company had spent more than $5,000 for advertising in Shreveport. There

was no showing, however, of the value of plaintiff's right to prevent defendant from using a trade name similar to his name.

The jurisdiction of the Court is to be tested by the value of the right sought to be protected against interference. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. This suit was brought by plaintiff to enjoin defendant from using a name similar to plaintiff's trade name in this marketing area. The amount in controversy, therefore, is the value to plaintiff of his claimed right to prevent such use of the name by defendant in this area. Seaboard Finance Company v. Martin (5 Cir., 1957), 244 F.2d 329. Although some courts have recognized that an actual monetary loss or potential loss of the jurisdictional amount is not required in a suit for injunction for infringement of a trade name, here plaintiff has expressly denied that his good will exceeds the minimum jurisdictional amount.

Defendant contends, however, that the amount in controversy is the monetary effect of a possible judgment in plaintiff's favor against it. But we find from the greater weight of the authorities that, in determining the amount in controversy, only the matter which is directly in dispute is to be considered. City of Clay Center v. Farmers' Loan & Trust Co., 145 U.S. 224, 12 S.Ct. 817, 36 L.Ed. 685 (1892); New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646 (1891); Rubel-Jones Agency, Inc. v. Jones, 165 F.Supp. 652 (Mo.W.D., 1958).

The burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it. Carson v. Dunham, 121 U.S. 421, at page 425, 7 S.Ct. 1030, at page 1031, 30 L.Ed. 992; Gold-Washing & Water Company v. Keyes, 96 U.S. 199, at page 202, 24 L. Ed. 656; Crehore v. Ohio & Mississippi Railway Company, 131 U.S. 240, at page 244, 9 S.Ct. 692, at page 693, 33 L.Ed. 144; Powers v. Chesapeake & Ohio Railway Company, 169 U.S. 92, at page 101, 18 S.Ct. 264, at page 267, 42 L.Ed. 673. In case of doubt as to the propriety of the removal, the Federal District Court should remand. City of Newcastle v. Western Union Telegraph Co., 3 Cir., 152 F. 569; Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209; Thomas v. Delta Land & Water Co., 9 Cir., 258 F. 758; Cox v. Gatliff Coal Co., D.C., 52 F. Supp. 482; Garner v. Mengel Co., D.C., 50 F.Supp. 794; Asbury v. New York Life Ins. Co., D.C., 45 F.Supp. 513.

As stated, the matter in controversy here is the value of plaintiff's claimed right to prevent defendant's use of the name "Murphy's." Seaboard Finance Company v. Martin, supra. The possible pecuniary effect upon defendant is inapposite to the issue involved. Gaitor v. Peninsular & Occidental Steamship Co. (5 Cir., 1961), 287 F.2d 252; Bonnell v. Seaboard Air Line R. R. Co. (N.D.Fla., 1962) 202 F.Supp. 53; and authorities therein cited. In Gaitor the Fifth Circuit Court of Appeals used the following language:

"Although Great Northern Railway Company v. Alexander, 246 U.S. 276, at page 281, 38 S.Ct. 237, at page 239, 62 L.Ed. 713, involved removal on federal question grounds the principle enunciated there is applicable here.

" 'It is also settled that a case * * * non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff * * *. Kansas City, etc. Ry. Co. v. Herman, 187 U.S. 63 [23 S.Ct. 24, 47 L.Ed. 76]; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206 [26 S. Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147]; Lathrop, Shea & Henwood

Co. v. Interior Construction [& Imp.] Co., 215 U.S. 246 [30 S.Ct. 76, 54 L.Ed. 177]; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311 [35 S.Ct. 355, 59 L.Ed. 594].' "

For these reasons, the motion to remand is granted and the action is hereby remanded to the State Court where it first was filed.